IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
Baltimore Division

| | | |
|---|---|---|
| Moran Towing Corporation, | * | |
| Plaintiff, | * | Civil Action No. |
| v. | * | |
| Hansa Heavy Lift Gmbh, | * | |
| Defendant, | * | **IN ADMIRALTY** |
| and | * | |
| Host Agency, LLC | * | |
| T. Parker Host, Incorporated | * | |
| Garnishees. | * | |

\*     \*     \*     \*     \*     \*     \*     \*     \*     \*     \*

**VERIFIED COMPLAINT WITH REQUEST
FOR ISSUE OF PROCESS OF MARITIME
<u>ATTACHMENT AND GARNISHMENT</u>**

Plaintiff Moran Towing Corporation ("Moran") brings this action against Defendant Hansa Heavy Lift Gmbh ("HHL") *quasi in rem* pursuant to Supplemental Rule B for Certain Admiralty and Maritime Claims, requesting the issue of writs of maritime attachment and garnishment including against the Garnishees and states as follows:

**<u>Jurisdiction and Venue</u>**

1.      This is an action within this Court's admiralty jurisdiction pursuant to 28 U.S.C. § 1333 and is an admiralty or maritime claim within Fed. R. Civ. P. 9(h).

2.      Venue is proper in this District because the Garnishees are located, can be found, and can be served with process in this District.

3. Venue is also proper in this District because Defendant's property is or soon will be in this District.

4. Defendant cannot be found in this District within the meaning of Supplemental Rule B.

## The Parties

5. Moran is a corporation duly organized under New York law.

6. HHL is or was the disponent owner and/or manager of the vessels M/V HHL VALPARAISO and M/V HHL RIO DE JANEIRO and is a corporation organized under the laws of Germany.

## Facts

7. HHL through vessel husbanding agents in July, October and November, 2018 ordered tug services from Moran at agreed rates, for tug services for the M/V HHL VALPARAISO at New Orleans (on July 23, 2018) and Newark (on October 3 and 10, 2018), and for the M/V HHL RIO DE JANEIRO at Savannah (on November 25, 2018).  Moran provided those tug services to the vessels, and issued its invoices to HHL, each due in 30 days.

8. HHL has failed to pay Moran's invoices for tug services and has breached its contract with HHL for payment.

## Count I – Breach of Maritime Contract

9. Moran incorporates the above paragraphs as if fully set forth herein.

10. HHL breached its maritime contract with Moran as set out above.  Moran therefore demands judgment, as set out more fully below.

## Count II: Maritime Attachment and Garnishment (Rule B)

11. Moran incorporates the above paragraphs as if specifically set forth herein.

12.     Moran seeks issue of process of maritime attachment so that it may be paid the amounts due to it from HHL.

13.     No security for Moran's claims has been posted by HHL or anyone acting on its behalf to date.

14.     HHL cannot be found within this District within the meaning of Rule B, but is believed to have, or will have during the pendency of this action, property and/or assets in this jurisdiction consisting of cash, funds, freight, hire, and/or credits in the hands of Garnishees in this District, including but not limited to the named Garnishees.

15.     Garnishees Host Agency, LLC and T. Parker Host, Incorporated are the husbanding agents for HHL and ordered the tug services for Moran from HHL.  Garnishees have confirmed to Moran that one or both garnishees hold funds of HHL.  By virtue of these Garnishees being present in this District, the property owed to HHL also is present in this District.

### Prayer for Relief

WHEREFORE, Moran prays:

A.     That in response to Count I, this Court have this case proceed for the security of Moran against HHL in the amount of **$23,818.62,** plus further amounts for interest, costs and attorneys' fees;

B.     That in response to Count II, since Defendant cannot be found within this District pursuant to Supplemental Rule B, this Court issue an Order directing the Clerk to issue Process of Maritime Attachment and Garnishment pursuant to Rule B attaching all of HHL's tangible or intangible property or any other funds held by any Garnishee, up to the amount of at least the amount demanded herein to secure Moran's claims, and that all persons claiming any interest in

3

the same be cited to appear and, pursuant to Supplemental Rule B, answer the matters alleged in

the Verified Complaint;

     C.     That as provided in Supplemental Rule B, that such person over 18 years of age

be appointed as moved for herein pursuant to Supplemental Rule B and Fed.R.Civ.P. 4(c) to

serve process of Maritime Attachment and Garnishment in this action;

     D.     That this Court award Moran such other and further relief that this Court deems

just and proper.

Dated: December 26, 2018.

/s/ *J. Stephen Simms*
J. Stephen Simms (04269)
Simms Showers LLP
201 International Circle
Baltimore, Maryland 21030
Ph:  410-783-5795
Fax 410-5110-1789
jssimms@simmsshowers.com

**<u>VERIFICATION</u>**

I am a Principal of the law firm Simms Showers LLP, counsel to Plaintiff.

The facts alleged in the foregoing complaint are true and correct to the best of my knowledge and information based upon the records of Plaintiff made available to me by Plaintiff. Authorized officers of Plaintiff are not readily available in this District to make verifications on Plaintiff's behalf. I am authorized to make this verification on Plaintiff's behalf.

I further certify that, pursuant to Supplemental Rule B, I caused a search to be made of electronic records and Directory Assistance for addresses and telephone numbers in this District. There is no record of any general or resident agent authorized to accept service of process for HHL in this District.

Pursuant to 28 U.S.C. § 1746(1), I solemnly declare under penalty of perjury that the foregoing is true and correct.

Executed on December 26, 2018.

/s/ J. Stephen Simms
J. Stephen Simms